UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT L. STRESING,

                          Plaintiff,

        v.                                                          **DECISION AND ORDER**
                                                                    11-CV-967S

WARREN AGOSTINONI,
individually and in his official capacity as Assistant
Director of Personnel of New York Department of
Correctional Services,

PETER BROWN,
individually and in his official capacity as Director of
Labor Relations of New York Department of
Correctional Services,

BRIAN FISCHER,
individually and in his official capacity as
Commissioner of the State of New York Department
of Correctional Services,

DANIEL F. MARTUSCELLO III,
individually and in his official capacity as Director of
Human Resources of New York Department of
Correctional Services,

MARIANNE MAZOROWSKI,
individually and in her official capacity as Labor
Relations Representative of New York Department
of Correctional Services,

                          Defendants.

## I.  INTRODUCTION

        Plaintiff commenced this action in November 2011 seeking damages and

declaratory relief pursuant to 42 U.S.C. § 1983 and New York Executive Law § 296 for his

allegedly improper termination from his employment.  Pending before this Court is the

Motion of Defendant Brian Fischer and former Defendant State of New York Department of Correctional Services to Dismiss the Complaint pursuant to Rule 12 (b)(6).  This Court finds the matter fully briefed and oral argument unnecessary.  For the reasons discussed below, Defendants' motion is granted with respect to Defendant Fischer and denied as moot with respect to Defendant State of New York Department of Correctional Services.

## II. BACKGROUND

Prior to November 2009, Plaintiff worked for the State of New York Department of Correctional Services ("DOCS") at the Orleans Correctional Facility.  Amended Complaint, Docket No. 13, ¶ 11. As alleged in the Amended Complaint, Plaintiff was charged on October 3, 2009, with assault and menacing as a result of an alleged altercation with his wife. Am. Compl. ¶ 12.  Plaintiff later pled guilty to a reduced charge of harassment. Am. Compl. ¶ 12.  A Notice of Discipline was issued on October 6, 2009, by Defendant Peter Brown, Assistant Director of Labor Relations for DOCS, which imposed a penalty of dismissal from service and loss of accrued leave as a result of the charges. Am. Compl. ¶¶ 7, 14.  Plaintiff subsequently entered into a Disciplinary Settlement Agreement which included a 12-month evaluation period. Am. Compl. ¶ 14.  This agreement was signed and executed on behalf of DOCS by Defendant Marianne Mazorowski, DOCS' Labor Relations Representative, and provided that DOCS could impose the original dismissal penalty if Plaintiff engaged in similar misconduct during the evaluation period.  Am. Compl. ¶¶ 10, 14.

Plaintiff was charged with criminal contempt on November 23, 2009, for allegedly violating an order of protection that resulted from the prior altercation with his wife. Am. Compl. ¶ 15. Brown issued a memo two days later terminating Plaintiff without affording

2

him an opportunity to be heard on the dismissal. Am. Compl. ¶¶ 16, 17. Plaintiff alleges that a representative of the New York State Correction Officers and Police Benevolent Association, Inc. ("the Association") negotiated on his behalf and reached an agreement with Mazurowski and Brown whereby Plaintiff would be reinstated to his former position if the November 2009 charges against him were dismissed. Am. Compl. ¶ 18.  Plaintiff's wife subsequently recanted the allegations against Plaintiff and the November violation charge was dismissed on January 8, 2010.  Am. Compl. ¶ 15.  Plaintiff made repeated requests for reinstatement which were acknowledged in a January 28, 2010 letter from Defendant Warren Agostinoni, DOCS' Assistant Director of Personnel.  Am. Compl. ¶¶ 6, 19.  Plaintiff alleges that Agostinoni, Mazurowski, Brown, Fischer, and DOCS' Director of Human Resources, Defendant Daniel F. Martuscello III, "refused to reinstate [Plaintiff]." Am. Compl. ¶¶ 9, 19.

The initial Complaint filed in this Court in November 2011 sought redress from Defendants Brian Fischer and the State of New York Department of Correctional Services pursuant to 42 U.S.C. § 1983 for violation of his right to due process and pursuant to New York Executive Law § 296 for unlawful discrimination. Docket No. 2. These Defendants moved to dismiss the Complaint pursuant to Rule 12 (b)(6) for failure to state a claim on January 3, 2012.  Docket No. 10.  On January 20, 2012, Plaintiff filed an Amended Complaint wherein he abandoned all claims against the State of New York Department of Correctional Services as well as his cause of action for relief pursuant to New York Executive Law § 296.  Plaintiff added as additional Defendants the DOCS personnel mentioned above: Warren Agostinoni, Peter Brown, Daniel F. Martuscello, III, and Marianne Mazorowski.  Plaintiff also opposed the motion of Defendants Fischer and DOCS

3

to dismiss the Complaint as against them.[1]

### III. DISCUSSION

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12 (b)(6), a court must accept all factual allegations in the complaint as true and make all reasonable inferences in a plaintiffs' favor. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). In order to survive such a motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); ATSI Commc'ns, Inc., 493 F.3d at 98. This assumption of truth applies only to factual allegations and is inapplicable to legal conclusions. Iqbal, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Further, where, as here, a plaintiff timely amends his complaint as a matter of course while a motion to dismiss is pending, see Fed. R. Civ. P. 15 (a)(1)(B), a court may either deny the motion as moot or consider it in light of the amended pleading. Roller Bearing Co. of America, Inc. v. American Software, Inc., 570 F.Supp.2d 376, 384 (D.Conn. 2008). Because the parties have fully briefed their arguments with respect to whether the Amended Complaint should be dismissed as against Defendants Fischer and the State of New York Department of Correctional Services, this Court will consider this

---

[1]In support of the Motion to Dismiss, Defendants Fischer and DOCS filed a supporting Memorandum of Law (Docket No. 10). Plaintiff responded with an opposing Memorandum of Law (Docket No. 12), and Defendants filed a Reply Memorandum of Law (Docket No. 15).

motion on the merits.

Initially, Plaintiff consents to remove DOCS as a Defendant in this action and has in fact removed this Defendant from the Amended Complaint.  Pl's Mem of Law in Opp'n at 2.  The Motion to Dismiss is therefore moot with respect to this Defendant.  Similarly, Plaintiff has conceded that this Court does not have jurisdiction over the New York Executive Law § 296 claim, Id., and this claim is not included in his Amended Complaint. Remaining for the Court to consider at this time is Plaintiff's § 1983 claim against Defendant Fischer.  With respect to this claim, Defendants correctly assert that Plaintiff's claim for monetary damages against Defendant Fischer in his official capacity is barred by the Eleventh Amendment.  Davis v. New York, 316 F.3d 93, 101 (2d Cir. 2002); Santiago v. New York State Dep't of Correctional Servs., 945 F.2d 25, 28 n 1 (2d Cir. 1991), cert denied 502 U.S. 1094 (1992).  Plaintiff is also correct, however, that prospective equitable relief against state officials in their official capacities is not barred by the Eleventh Amendment.  Bd. of Educ. of Pawling Central School Dist. v. Schutz,  290 F.3d 476, 480 (2d Cir. 2002), cert denied 537 U.S. 1227 (2003).  Accordingly, if Plaintiff sufficiently alleged a § 1983 claim, he may seek the declaratory and injunctive relief requested in the Amended Complaint from Defendant Fischer in his official capacity, and monetary damages against Defendant Fischer in his individual capacity. see generally Posr v. Court Officer Shield No. 207, 180 F.3d 409, 414 (2d Cir. 1999)(the Eleventh Amendment does not prohibit suits against state officials in their individual capacity).

In determining whether Plaintiff's termination violated his procedural due process rights, "[t]he threshold questions are whether [Plaintiff] has alleged a state law property interest, and whether the Fourteenth Amendment protects that interest."  Ciambriello v.

County of Nassau, 292 F.3d 307, 313 (2d Cir. 2002); Dwyer v. Regan, 777 F.2d 825, 829 (2d Cir. 1985), op. modified on other grounds 793 F.2d 457 (2d Cir. 1986).  "Property interests in employment are not created by the Constitution, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." O'Neill v. City of Auburn, 23 F.3d 685, 688 (2d Cir. 1994)(internal quotation marks removed); see Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).

In the Amended Complaint, Plaintiff alleges that he "was guaranteed continued employment absent 'just cause' for discharge in accordance with N.Y. Civ. Serv. L. § 75 and/or a collective bargaining agreement." Am. Compl. ¶ 23.  Section 75 of New York Civil Service Law provides that certain civil service employees, including a person who holds a position by permanent appointment in the competitive class of the classified civil service, cannot be "removed or otherwise subjected to any disciplinary penalty . . . except for incompetency or misconduct shown after a hearing upon stated charges."  N.Y. Civ. Ser. Law § 75 (1).  Plaintiff fails to include in his Amended Complaint any factual allegations establishing that he falls within the protections of this statute.  Cf. Dwyer, 777 F.2d at 830 (allegations that plaintiff "held his position by 'permanent appointment' and that [the] position was 'in the competitive class of the New York State civil service'" sufficient to establish property interest protected by due process clause); see also Fry v. McCall, 945 F.Supp. 655, 664 (S.D.N.Y. 1996)(section 75 "alters the usual rule that employment in New York State is at-will"). Similarly, although a property interest may arise where the state is barred by a collective bargaining agreement from terminating an employment relationship without cause, Plaintiff does not allege that such a provision exists in an agreement

6

governing Plaintiff's employment relationship with DOCS.  <u>Martz v. Inc. Vill. of Valley Stream</u>, 22 F.3d 26, 29-30 (2d Cir. 1994)("although a public contract can confer a protectible benefit, not every contract does so"); <u>S&D Maintenance Co., Inc. v. Goldin</u>, 844 F.2d 962, 967 (2d Cir. 1988). Instead, Plaintiff's conclusory assertion merely states the general legal conclusion necessary to prevail on the merits, and as this conclusion is unsupported by factual allegations, it will not be accepted as true.  <u>New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions</u>, 235 F.Supp.2d 123, 126 (N.D.N.Y. 2002).  Plaintiff has therefore failed to state a claim for relief pursuant to § 1983.

Further, with respect to monetary damages, Plaintiff is required to allege that Defendant Fischer was personally involved in the deprivation of Plaintiff's purported property interest in continued employment without due process.  <u>Farid v. Ellen</u>, 593 F.3d 233, 249 (2d Cir. 2010); <u>Farrell v. Burke</u>, 449 F.3d 470, 484 (2d Cir. 2006). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Iqbal</u>, 556 U.S. at 676.  Prior to the Supreme Court's ruling in <u>Iqbal</u>, it was well-settled in this Circuit that such personal involvement of a supervisory defendant under 42 U.S.C. § 1983 may be found where:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Circuit 1995).  Following Iqbal, there has been some division in the district courts of this Circuit over whether all five of the Colon factors are still applicable.  See Perkins v. Napoli, No. 09-CV-6302, 2011 WL 6148988, *6 n 8 (W.D.N.Y. Dec. 12, 2011).  Some courts have interpreted the Supreme Court's directive as imposing individual liability under § 1983 on a supervisor for only his or her *affirmative* actions, and precluding liability based on the failure to act. Joseph v. Fischer, No. 08-CV-2824, 2009 WL 3321011, *14 (S.D.N.Y. Oct. 8, 2009); Bellamy v. Mount Vernon Hosp., No. 07-CV-1801, 2009 WL 1835939, *6 (S.D.N.Y. June 26, 2009), aff'd 387 Fed. Appx. 55 (2d Cir. 2010)(the Iqbal issue was not raised on appeal).  Other courts have determined that Iqbal allows for flexibility, in that "the degree of personal involvement varies depending on the constitutional provision at issue," and therefore "the five Colon categories for personal liability of supervisors may still apply as long as they are consistent with the requirements applicable to the particular constitutional provision alleged to have been violated." D'Olimpio v. Crisafi, 718 F.Supp.2d 340, 347 (S.D.N.Y. 2010), aff'd 462 Fed. Appx. 79 (2d Cir. 2012)(the Iqbal issue was not raised on appeal); see Iqbal, 556 U.S. at 666-667 (rejecting argument that supervisor's knowledge of subordinate's discriminatory purpose is sufficient to establish personal involvement in alleged intentional discrimination).

The Second Circuit has not yet explicitly recognized this split among the district courts.  In a recent unpublished decision, however, the Court quoted Iqbal's pleading requirement with respect to government officials, but nonetheless favorably cited Colon in determining that dismissal of the amended complaint was warranted where, inter alia, there was "no allegation that the [defendant] 'failed to remedy the wrong' once being informed of [the plaintiff's] assault." LaMagna v. Brown, No. 11-488-pr, 2012 WL 1109696, *1-2 (2d

Cir. Apr. 4, 2012), quoting Colon, 58 F.3d at 873.[2]  As such, it appears that a supervisor may still be held liable for his or her own nonfeasance as well as malfeasance.  D'Olimpio, 718 F.Supp.2d at 347, citing Colon, 58 F.3d at 873.   Here, Plaintiff alleges in the Amended Complaint that his Association representative spoke with Defendant Fischer in February 2010 about Plaintiff's termination,[3] and Plaintiff further alleges that Defendant Fischer refused to reinstate him.  Am. Compl. ¶¶ 19-20. Because Defendant Fischer is alleged to have personally negotiated with Plaintiff's union representative, the claim against him is based upon more than "mere linkage in the prison chain of command." Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003)(internal quotation marks omitted). Reasonably interpreting the sparse allegations in the Amended Complaint in Plaintiff's favor, as this Court must, ATSI Commc'ns, Inc., 493 F.3d at 98, Plaintiff has alleged that Defendant Fischer "failed to remedy the wrong" after being informed of the alleged constitutional violation.  Colon, 58 F.3d at 873; cf. LaMagna v. Brown, 2012 WL 1109696, *2.

## IV. CONCLUSION

The Motion to Dismiss is granted with respect to Defendant Fischer because Plaintiff has failed to sufficiently allege that he had a property interest in continued employment, a necessary element of this § 1983 claim.  In light of the fact that the Amended Complaint

---

[2]In LaMagna, Appellant challenged the dismissal of the original complaint by the Magistrate Judge in a Report and Recommendation subsequently adopted by district court, as well as the district court's dismissal of the amended complaint.  Notably, the initial Report and Recommendation referenced the ambiguity regarding Iqbal's effect on Colon, but applied all the Colon factors in the absence of a Second Circuit directive to the contrary. LaMagna v. Brown, 09-CV-1455, 2010 WL 5514468, *4 n 5 (N.D.N.Y. Nov. 19, 2010).

[3]Although Plaintiff alleges that he was told about this conversation by the representative, the Court is not barred from considering allegations based on hearsay on a motion to dismiss. Campanella v. County of Monroe, No. 10-CV-6236, __ F.Supp.2d __, 2012 WL 537495, *10 (W.D.N.Y. Feb. 17, 2012).

still stands against the remaining Defendants, and because it cannot be said at this time

that granting leave to amend the Amended Complaint would be futile, the dismissal will be

without prejudice.  The Court will consider granting leave to further amend the complaint

if and when such a motion is made by Plaintiff. The motion is denied as moot with respect

to DOCS in light of the Amended Complaint.

## V. ORDERS

IT IS HEREBY ORDERED that the Motion to Dismiss of Defendants State of New

York Department of Correctional Services and Brian Fischer (Docket No. 10) is GRANTED

with respect to Defendant Fischer and DENIED as moot with respect to the State of New

York Department of Correctional Services;

FURTHER, that the Amended Complaint is dismissed as against Defendant Fischer

without prejudice.

SO ORDERED.

Dated:   June 23, 2012
            Buffalo, New York

                                                    /s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                                    Chief Judge
                                                    United States District Judge